UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIPS 66 COMPANY,<br><br>       Plaintiff,<br><br>    v.<br><br><br>EDWARD S. GRAINER, *et al.,*<br><br>       Defendant. | Case No. 1: 13-cv-1890-LJO-BAM<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES WITHOUT PREJUDICE**<br>**(Doc. 17)**<br><br>**ORDER TO SHOW CAUSE WHY DEFAULT JUDGMENT SHOULD NOT BE SET ASIDE** |

**I.**  **Introduction**

The complaint in this case filed on November 21, 2013 alleges a breach of contract. (Doc. 2). Defendant, Edward Grainer, was served with a copy of the summons and complaint on December 18, 2013. (Doc. 6). Mr. Grainer did not appear in this action and default was entered against him on March 10, 2014. (Doc. 8).

Subsequently, Plaintiff filed a Motion for Default Judgment by the Clerk of the Court on May 23, 2014 pursuant to Fed. R. Civ. P 55(b)(1).[1]  (Doc. 14).   Default judgment was entered by the Clerk

---

[1] This is an Amended Motion for Default Judgment.  The amended motion did not contain a request for attorney's fees. (Doc. 14). Plaintiff filed an initial Motion for Default Judgment on March 26, 2014, which contained a request for attorney's fees. (Doc. 11).

1

on July 9, 2014. (Doc. 15).  Pending before the Court is Plaintiff's Motion for Attorneys' Fees in the amount of $12,536.25, which was filed after default judgment was entered.

A review of the request for attorneys' fees reveals that the motion is deficient. For the reasons set forth below, the motion will be DENIED WITH OUT PREJUDICE. Additionally, the Court has some concerns regarding whether the default judgment issued by the Clerk was proper.  Accordingly, no later than **December 12, 2014**, Plaintiff shall show cause why the default judgment should not be set aside pursuant to Fed. R. Civ. P. 60(b), and an amended motion for default judgment be filed.

**II.     Discussion**

*A.  Issues Related to the Default Judgment*

The Clerk of the Court may enter default judgment if the Plaintiff's claim is for a sum certain or when a sum can be made certain by computation.  Fed. R. Civ. P. 55(b) (1).  However, establishing whether a case is a sum certain under Rule 55(b)(1) is a high standard.  "A claim is not a sum certain unless there *is no doubt* as to the amount which Plaintiff is entitled as a result of the defendant's default." (emphasis added) *Franchise Holding II, LLC v. Huntington Restaurants Group Inc.*, 375 F. 3d 922, 928 (9th Cir. 2004) citing *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003).

In this case, the Clerk's office issued a default judgment awarding Plaintiff $110,238.67.  This amount includes the principal sum of $78,631.64 plus prejudgment interest in the amount of $31,064.88 which continues to accrue at the rate of $21.54 per day, and costs in the amount of $542.15. (Doc. 15).  The award was consistent with Plaintiff's request in the amended application for default judgment.[2] (Doc. 14).  In support of the motion, Plaintiff submitted a declaration wherein counsel indicates she has calculated the damages pursuant to a breach of contract.  However, Plaintiff has not established that the amount requested is proper for the following reasons:

1)   It is not clear how counsel arrived at the figures for the amount of damages, nor is it clear what supporting documentation was relied upon in formulating the calculations;

---

[2] The motion is conclusory and indicates that Plaintiff is entitled to $78,631.64 in damages, prejudgment interest pursuant to California Civil Code § 3289 in the amount of $31,064.88, and that post judgment interest accrues at $21.54.

2

2) Plaintiff requested pre-judgment interest pursuant to California Civil Code § 3289, however, there is no explanation why this California statute applies as opposed to California Civil Code § 3287, or another California statute;

3) Plaintiff asserts that post-judgment interest accrues at $21.54 per day, with no explanation on how this amount was calculated;

4) The contract at issue in this case was signed between Defendant and ConocoPhillips Company, however, the complaint and the judgment lists Phillips 66 Company as the Plaintiff.  Although the complaint alleges that in May 2012, ConocoPhillips Company "spun off its downstream assets into newly formed Phillips 66" resulting in an assignment of ConocoPhillips rights, titles, and interest to the contract, no documentation was submitted to establish this conclusory allegation. (Doc. 2, pg. 3 at ¶ 10);

5) After obtaining default, Plaintiff filed a Motion for Attorneys' Fees seeking an award of $12,536.25.  However, the attorney's fees are being sought pursuant to paragraph 48 of the contract.  (Doc. 2, pg. 36 at ¶ 48). A review of the declarations submitted by counsel indicates that Plaintiff is seeking attorney fees related to its efforts to collect on the debt incurred as a result of the alleged breach of contract.  (Doc. 18, pg. 3).  Because the fees Plaintiff seeks in this motion are part of the damages alleged in the complaint, the motion for default judgment should have been filed before the Court.  Fed. R. Civ. P. 55(b)(2). Additionally, as the underlying breach of contract claim is a California state law claim, the Court must apply California law when assessing attorneys' fees. *Kona Enters, Inc. v. Estate of Bishop*, 229 F. 3d 877,883 (9th Cir. 2000) ("A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees."); *Suretec Ins. Co. v. BRC Construction, Inc*., 2:11-cv-2813 KJM AC, 2013 WL 6199021 at * 2 (E.D. Cal. Nov. 27, 2013); *Doan v. Singh*, No. 1: 13-cv-531 LJO-SMS, 2013 WL 5718720, at *3 (E.D. Cal., Oct. 18, 2013) (stating that federal courts apply state law in determining an attorney's fee award in a contract action).  California Civil Code § 1717(a), provides for a reasonable award of attorneys' fees where the parties contractually agree to compensate each other.

Cal. Civ. Code § 1717(a).  The fee setting inquiry in California begins with the lodestar calculation, i.e. the number of hours reasonably expended multiplied by the hourly rate. *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1094-95 (2000). This is not a sum certain calculation.

Given the above, it appears that the Clerk's entry of default judgment was issued in error. Accordingly, Plaintiff shall respond to this Order to Show Cause addressing the concerns outlined above.

### B. *Plaintiff's Motion for Attorneys' Fees*

In addition to the above, Plaintiff's motion for attorney's fees is deficient. Although declarations have been submitted to substantiate the fee request, no billing records were provided, nor are the declarations filed sufficiently detailed.  For example, in the declaration submitted by attorney John George, he asserts he has supervised the work done by the attorneys and paralegals working on the case and the sum of $10,386.25 is a "reasonable and customary fee." (Doc. 18, pg. 2 at ¶¶ 6-7). There is no indication what attorney or paralegal completed specific tasks or how long each task took. Further, neither attorney requesting fees has submitted any evidence that their rates are consistent with community rates.  "The party requesting fees must produce satisfactory evidence in addition to the attorney's own affidavits or declarations that the rates are in line with community rates." *Moreno v. City of Sacramento*, 534 F. 3d 1106, 1111 (9th Cir. 2008).

Finally, the Court has some concerns regarding the request for fees for John George.  In the declaration, he indicates he is licensed to practice law in the state of Texas.  He is not admitted to the California Bar, nor has he been admitted to this Court pro hac vice.

Local Rule 180(b) states, "(e)xcept as otherwise provided herein, only members of the Bar of this Court shall practice in this Court." Admission to the Bar of this Court is limited to attorneys who are active members in good standing of the State Bar of California. Local Rule 180(a). However, attorneys who are not members of this Court's Bar may appear pro hac vice. Local Rule 180(b)(2) provides:

(2) Attorneys Pro Hac Vice.  An attorney who is a member in good standing of, and eligible to practice before, the Bar of any United States Court or of the highest Court of any State, or of any Territory or Insular Possession of the United States, and who has been retained to appear in this Court may, upon application and in the discretion of the Court, be permitted to appear and participate in a particular case. Unless authorized by the Constitution of the United States or an Act of Congress, an attorney is not eligible to practice pursuant to (b)(2) if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California.

A review of Mr. George's declaration indicates that he (or attorneys at the firm) may have performed services in the instant case which is problematic because no one from the firm has been admitted to this Court pro hac vice.  Any future request for attorneys' fees must address this issue and provide enough detail regarding the work done on this case so that the Court can make an assessment whether attorney fees are appropriate, as well as complete a lodestar calculation.

**III.    Conclusion**

Pursuant to the above, Plaintiff's Motion for Attorneys' Fees is DENIED WITHOUT PREJUDICE.  Plaintiff shall respond to this Order to Show Cause no later than **December 12, 2014**. Failure to file a timely response will result in this Court issuing Findings and Recommendations that the Default Judgment issued on July 9, 2014 (Doc. 15) be set aside, and recommending the Plaintiff file an amended motion for default judgment for the Court's consideration. Alternatively, if Plaintiff has no objection to setting aside of the judgment, Plaintiff may file a non-opposition, as well as an amended motion for default judgment addressing the concerns outlined above by the same date.

IT IS SO ORDERED.

Dated:   **November 7, 2014**              /s/ *Barbara A. McAuliffe*
                                                       UNITED STATES MAGISTRATE JUDGE