**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIPS 66 COMPANY, | Case No. 1: 13-cv-1890 LJO-BAM |
| Plaintiff, | |
| v. | **ORDER DISCHARGING ORDER TO SHOW CAUSE** **(Doc. 22)** |
| EDWARD S. GRAINER, *et al.,* | **FINDINGS AND RECOMMENDATIONS RE: MODIFICATION OF THE DEFAULT JUDGMENT AND AWARDING ATTORNEYS' FEES IN PART** |
| Defendant. | **(Doc. 23)** |

_____/

## I.      Introduction

Pending before the Court is Phillips 66 Company's ("Plaintiff") Amended Motion for Attorneys' Fees requesting fees in the amount $17,191.40. (Docs. 23-30).  No opposition to the motion was filed.  The Court has taken the matter under submission pursuant to Local Rule 230(g). (Doc. 35). Upon a review of the pleadings, the Court recommends that the motion be GRANTED IN PART.

## II.      Relevant Procedural History

This is a breach of contract case.  The complaint alleges that the parties entered into a Dealer Station, Lease & Motor Fuel Supply Agreement (hereinafter, "Lease and Supply Agreement").

1

Plaintiff contends that that Defendant, Edward Grainer ("Defendant") breached the contract when he failed to pay Plaintiff for motor fuel, deliveries, service station property rental, equipment and other charges. (Doc. 2). Defendant was personally served with a copy of the summons and complaint on December 18, 2013. (Doc. 6). Mr. Grainer did not appear in this action, and default was entered against him on March 10, 2014. (Doc. 8). Defendant is not a minor, incompetent person, a person in military service, or otherwise exempt from default judgment under the Soldiers' and Sailors' Relief Act of 1940. (Doc. 25, pg. 4).

On May 23, 2014, Plaintiff filed a Motion for Default Judgment pursuant to Fed. R. Civ. P 55(b)(1), requesting that the Clerk of the Court enter default because the amount requested was a sum certain. (Doc. 14). Default judgment was entered by the Clerk of the Court on July 9, 2014, awarding Plaintiff $110,238.67. (Doc. 15). This amount includes the principal sum of $78,631.64, plus interest in the amount of $31,064.88, which continues to accrue at the rate of $21.54 per day, and costs in the amount of $542.15. *Id.*

After default judgment was entered, Plaintiff filed a Motion for Attorneys' Fees in the amount of $12,536.25. (Docs. 17-21). This Court denied the Motion for Attorney Fees without prejudice because there was insufficient documentation in support of the motion, and issued an Order to Show Cause Why the Default Judgment Should Not Be Set Aside. (Doc. 22). In particular, the Court ordered briefing on the issue of whether the Clerk's entry of default judgment was proper, given Plaintiff's subsequent request for attorney fees. (Doc. 22, Pgs. 3-4). In addition, the court requested clarification on Plaintiff's damages, including its pre and post-judgment interest calculation, as well as whether attorney John George was entitled to attorneys' fees since he was out-of-state attorney and had not been granted *pro hac vice* status. (Doc. 22, pg. 4). The Court also requested supplemental billing documentation in support of the fee request. (Doc. 22, pg. 4). Finally, the Court advised Plaintiff that it could file a non-objection to setting aside the judgment, and file an amended motion for default judgment addressing the concerns outlined in the Court's order. (Doc. 22, pg. 5).

Plaintiff subsequently filed an Amended Motion for Attorney's Fees requesting $17,191.40 in attorneys' fees and costs. (Docs. 23-30). Plaintiff also filed a Response to the Order to Show Cause

arguing that the Clerk's entry of Default was properly entered. (Docs. 31-34).  In the Response, Plaintiff alternatively requests that the Court enter a modified version of the default judgment that includes the requested amount of attorneys' fees. (Doc. 31, pgs. 5-6). In light of the Plaintiff's response, the OSC is discharged as these Findings and Recommendations address the issues raised by the Court.

### III.    The Clerk's Entry of Default Judgment Must Be Modified Because the Damages in this Case Are Not a Sum Certain Amount.

The Clerk of the Court may enter default judgment if the Plaintiff's claim is for a sum certain or when a sum can be made certain by computation. Fed. R. Civ. P. 55(b) (1).  In all other cases, a party *must* apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).  Establishing whether a case is a sum certain under Rule 55(b)(1) is a high standard.  "A claim is not a sum certain unless there *is no doubt* as to the amount which Plaintiff is entitled as a result of the defendant's default." (emphasis added) *Franchise Holding II, LLC v. Huntington Restaurants Group Inc*., 375 F. 3d 922, 928 (9th Cir. 2004) citing *KPS & Assocs., Inc. v. Designs by FMC, Inc*., 318 F.3d 1, 19 (1st Cir. 2003).

As previously noted, the Clerk's office issued a default judgment awarding Plaintiff $110,238.67. This amount includes the principal sum of $78,631.64, plus interest in the amount of $31,064.88, which continues to accrue at the rate of $21.54 per day, and costs in the amount of $542.15. (Doc. 15). This was a sum certain amount, however, now, Plaintiff seeks attorneys' fees pursuant to paragraph 14 of the complaint (Doc. 2 pg. 4), and paragraph 48 of the Lease and Supply Agreement which provides for "reasonable attorneys' fees." (Doc. 2, pg. 36 at ¶ 48; Doc. 33, pg. 35).  A calculation of reasonable attorneys' fees is not a sum certain calculation, and the default judgment entered by the Clerk of the Court pursuant to Fed. R. Civ. P. 55(b)(1) is no longer proper.  Moreover, the Court has reviewed the judgment entered by the Clerk, and as explained below, the post-judgment interest calculation was not correct. The default judgment should therefore be amended by the Court pursuant to Fed. R. Civ. P. 55(b)(2) to correct these errors.[1]

---

[1] Plaintiff has argued that attorneys' fees can be awarded after default judgment has been issued by the Clerk's Office pursuant to Fed. R. of Civ. P. 54(d)(2), which provides that attorneys' fees must be made by motion unless the substantive law requires that those fees be proved at trial as an element of damages.  The Court is not persuaded by this argument

A.   *Legal Standard*

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default judgment upon the filing of an application.  After default has been entered, the well-pleaded allegations of the complaint relating to liability are taken as true.  *Dundee Cement Co. v. Highway Pipe & Concrete Products, Inc*. 722 F.2d 1319, 1323 (7th Cir.  1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).  Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F. 2d 1470, 1471-1472 (9th Cir. 1986).  Entry of default judgment is committed to the Court's discretion. *Eitel v. McCool*, 782 F. 2d 1470, 1471 (9th Cir. 1986).

Applying the *Eitel* factors outlined above, the Court recommends that default judgment should be granted since the complaint establishes a claim for breach of contract.  Under California law, the elements of breach of contract are: "(1) [a] contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff."  *Kumparaperu v. Feldsted*, --- Cal. Rptr. 3d ---, 2015 WL 3377671 at *5 (2015).  Here, Plaintiff alleges that Defendant entered into a Lease and Supply Agreement on or about October 15, 2007, with ConocoPhillips in which he agreed to operate a gas station until December 31, 2010.[2]  As part of that agreement,

---

because this rule merely states that a motion for attorneys' fees must be filed by a motion, *unless* the law requires that those fees be proven at trial *as an element* of the offense. *Id.*  Here, the attorneys' fees are not an element of the breach of contract claim, so the Plaintiff is correct that the request should be filed by a motion.  However, a review complaint and of the declarations submitted by counsel indicate that Plaintiff is seeking attorney fees related to its efforts to collect on a debt incurred as a result of the alleged breach of contract, as well as attorneys' fees for pursuing this action which requires a reasonableness analysis.  (Doc. 2, pg. 4, lines 2-3 and Doc. 18, pg. 3).  Since the fees Plaintiff seeks are part of the damages alleged in the complaint, the motion for default judgment should have been filed before the Court. Fed. R. Civ. P. 55(b)(2). *See, Surtec Insurance Co., v. BRC Construc*tion, *et. al.*  2012 WL 5214293 *1 (E.D. Cal., Oct. 22, 2012) (Because the fees plaintiffs seek in this motion are part of the damages it sought in connection with the complaint, these should be brought in a request for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2)).  Accordingly, default judgment should be awarded by the Court rather than by the Clerk's Office under Fed. R. Civ. P. 55(b)(1).

[2] On or about May 1, 2012, ConocoPhillips assigned all rights to Defendant's Lease and Supply Agreement to Phillips 66, including the right to collect any damages owed to ConocoPhillips under the agreement. (Doc. 33, pg. 2).

Defendant agreed to: pay costs associated with licensing and operating expenses; purchase, use and maintain certain equipment; purchase and deliver motor fuel; pay monthly rentals; and comply with the contract's image and operation standards. (Doc. 2, pg. 2-3, ¶¶ 6-13; Exhibit A; Doc. 26, pg. 2). Defendant agreed to pay for these items and to reimburse ConocoPhillips for any related charges that ConocoPhillips incurred due to Defendant's failure or refusal to make payments timely.  (Doc. 2, pg. 2-3, ¶¶ 6-13; Exhibit A). Defendant closed his gas station and both parties filed a termination agreement on June 9, 2010. (Doc. 2, pgs. 73-74; Doc. 26, pgs. 73-74). Pursuant to that termination agreement, Defendant was required to pay all outstanding amounts owed to ConocoPhillips.  To date, Plaintiff has failed to pay the required amounts under the contract.  Thus, these allegations establish two of the *Eitel* factors : the merits of plaintiff's substantive claim, and the sufficiency of the complaint.

With regard to the other *Eitel* factors, Defendant has not appeared in this action or contested this motion, and there is no evidence that his default is the result of excusable neglect. Inasmuch as Defendant's default serves as an admission to Plaintiff's well-pled allegations of fact, *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978), the Court concludes that there is no dispute as to any material fact. There is no basis to conclude that Plaintiff will be prejudiced by the case proceeding via default judgment rather than trial.  Indeed, Plaintiff would suffer prejudice if the Court does not enter default judgment as Plaintiff would have no other means of recovery. *See, e.g., Philip Morris, USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 499 (C. D. Cal. 2003); *Joe Hand Promotions, Inc. v. Hauser*, 2014 WL 172532, at *3 (E.D. Cal. Jan. 15, 2014) (No. 1:13-cv-01072-LJO-SKO).

The only factor weighing against default judgment in this case is the amount of money Plaintiff seeks in damages.  The Court has reviewed the default judgment entered by the Clerk's Office, as well as the accompanying documentation, and finds that the principal sum in the amount $78,631.64 for the breach of contract claims is supported by the record.  (Docs. 26 & 33).  However, the interest calculation is not proper.  The current judgment calculated the prejudgment interest at $31,064.88, which continues to accrue at $21.54 per day. (Doc. 15).

In the response to the OSC, Plaintiff contends that it is entitled to pre-judgment interest at a rate of 10% pursuant to California Civil Code § 3287 and §3289 beginning June 9, 2010, and 10% post-

judgment interest pursuant to Cal. Civil Proc. Code § 685.010(a).  (Doc. 31, pg. 3-4).  The court agrees that Plaintiff should be awarded pre-judgment interest at 10% pursuant to California Civil Code § 3287(a) and §3289(b) (requiring a 10% interest rate for contracts that do not stipulate to a legal rate of interest).  However, federal law governs post-judgment interest in diversity actions.  *American Tel & Tel. Co. v. United Computer Sys., Inc*., 98 F. 3d 1206, 1209 (9th Cir.1996).  Post-judgment interest is mandatory and is calculated pursuant to 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *see also Air Separation v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir.1995).  Therefore, the default judgment shall be amended to reflect that the post-judgment interest is to be calculated pursuant to 28 U.S.C. § 1961(a).[3]

   B.   *Attorneys' Fees*

   1.   *Pro Hac Vice Admission*

   Preliminarily, Plaintiff has requested fees for work performed by five attorneys: John George, Joseph Hance, Kent Harkness, Darin Brooks, and Dawn Ceizler.  All of the attorneys are all employed at Beirne, Maynard, and Parsons, LLP ("BMP"), a law firm located in Houston Texas, except for Ms. Ceizler, who has been admitted to the California Bar and whose office is located in California. (Doc. 25, pg. 2 and Doc. 27, pgs. 3-5). None of the BMP attorneys are admitted to the California Bar, and none have been admitted to practice in this district *pro hac vice*.  Ms. Ceizler is the only attorney who has been admitted to practice in this Court, and is the attorney of record in this case.

   The Court required that Plaintiff provide additional briefing on whether the counsel at BMP are eligible to receive attorneys' fees in light of the fact that all of them are out-of-state attorneys, and none of them have been admitted *pro hac vice* under Local Rule 180.  Plaintiff has argued that since the Defendant in this case never appeared, and the case did not proceed to trial,  *pro hac vice* admission was not required for the BMP attorneys.  (Doc. 23, pg. 4; Doc. 27, pg. 6).  Moreover, Plaintiff contends that all of the BMP attorneys have submitted declarations indicating that they would

---

[3] Pursuant to 29 U.S.C. § 1961(a), interest is calculated "from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury  yield as published by the Board or Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).

have been granted *pro hac vice* status as a matter of course, and that this is sufficient to establish eligibility for attorney's fees.  (Doc. 23, pg. 4; Docs. 24, 27-29).

The Court is not persuaded by Plaintiffs' argument that a *pro hac vice* application is not required because the case did not proceed to trial.  Plaintiff has provided no authority for this proposition, nor is there any such exception in Local Rule 180.  However, the Court is persuaded by Plaintiff's second argument, as the Ninth Circuit has held that a litigant may still recover fees for work performed by an attorney who has not been admitted *pro hac vice,* as long as the attorney did not "appear" in the action, or if they were otherwise eligible to appear *pro hac vice*, had he or she applied. *See, Winterrowd v. Am. Gen. Annuity Ins. C*o., 556 F.3d 815, 822-823 (9th Cir. 2009).

The Court has reviewed all of the attorney's billing statements and will permit an award of attorney's fees in this instance since none of the BMP attorney's signed pleadings, or personally appeared in this action.[4]  Moreover, the declarations submitted indicate that these attorneys would have been admitted *pro hac vice* had they applied. However, counsel is cautioned that although attorneys' fees are being permitted in this instance, the Court's decision is limited to the unique facts presented here.  Counsel shall educate themselves on the Local Rules of this court so that this situation can be avoided in the future.

   *2.  The Amount of Requested Attorneys' Fees and Costs.*

Plaintiff is requesting attorneys' fees for $16,641.75, and $549.65 in costs, for a total amount of $17,191.40.[5] (Docs. 25 and 27).  This amount includes reimbursement for services provided by the following attorneys : (1) John George, $4,296.25 for 24.55 hours of work; (2) Joseph Hance, $4,987.50 for 28.5 hours of work; (3) Kent Harkness, $1,662.50 for 9.5 hours of work; (4) Darin Brooks, $630.00 for 2.8 hours of work; and (5) Dawn Ceizler, $3,078.00 for 15.0 hours of work. (Doc. 25, pg. 2; Doc. 27, pgs. 3-5). The fee request also includes reimbursement for two paralegals at

---

[4]  The only pleadings that were filed by BMP attorneys are the declarations required as part of the request for attorneys' fees. (Doc. 11-1; Doc. 18; Docs. 24; Docs. 27-29).

[5]  This figure includes attorneys' fees in the amount of $ 13,563.75 for BMP attorneys, and costs incurred by BMP in the amount of $7.50, as well as attorney fees for Dawn Ceizler in the amount of $3,078.00, and costs in the amount of $542.15.

BMP : Leslie Zunger, $1,800.00 for 24.0 hours of work, and Eddi Lucio, for $187.50 for 2.5 hours of work. (Doc. 27, pg. 3).

As previously noted, Plaintiff is requesting reasonable fees pursuant to paragraph 48 of the Lease and Supply Agreement.  (Doc. 33, pg. 35).  Because the underlying breach of contract claim is a California state law claim, the Court must apply California law when assessing attorneys' fees. *Kona Enters, Inc. v. Estate of Bishop*, 229 F. 3d 877, 883 (9th Cir. 2000) ("A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees."); *Doan v. Singh*, No. 1: 13-cv-531 LJO-SMS, 2013 WL 5718720, at *3 (E.D. Cal., Oct. 18, 2013) (stating that federal courts apply state law in determining an attorney's fee award in a contract action).  California Civil Code § 1717(a), provides for a reasonable award of attorneys' fees where the parties contractually agree to compensate each other. Cal. Civ. Code § 1717(a).  The fee setting inquiry for reasonable fees in California begins with the lodestar calculation, i.e. the number of hours reasonably expended multiplied by the hourly rate.  *PLCM  Grp. v. Drexler*, 22 Cal. 4th 1084, 1094-95 (2000).  The court may then adjust that figure based on "a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *Id*. at 1096 (citation and internal quotation marks omitted). Additionally, under California law, a prevailing party is entitled to costs in any action. Cal. Civ. Proc. Code § 1032.  Costs are available under California Civil Code § 1033.5 unless the parties provide evidence that some contractual provision has expanded the statutory definition.  *Hsu v. Semiconductor Sys., Inc.*, 126 Cal. App. 4th 1330, 1341 (2005).  "Allowable costs shall be reasonably necessary to conduct the litigation rather than merely convenient or beneficial to its preparation." Cal. Civ. Pro. Code § 1033.5(c)(2).

*i. Reasonable Hourly Rate*

The reasonable hourly rate for attorneys' fees is generally the "prevailing rate in the community for similar work." *Drexler*, 22 Cal. 4th at 1095; *accord Blum v. Stenson*, 465 U.S. 886, 895 (1984). Here, Plaintiff's counsel requests rates ranging from $175 to $225 per hour for attorney services, and

$75.00 per hour for paralegal services. The Court accepts these hourly rates as they are consistent with those customarily awarded in the Eastern District of California.

### ii. Hours Reasonably Expended

Under California law, a court determining the number of hours reasonably expended on a case "must carefully review attorney documentation of hours expended." *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001) (quoting *Serrano v. Priest*, 20 Cal. 3d 25, 48, 141 (1977)). In so doing, the court must exclude hours that "were not reasonably expended in pursuit of successful claims," *Harman v. City & County of San Francisco*, 158 Cal. App. 4th 407, 417 (2007), or hours that were otherwise "duplicative or excessive," *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 161 (2006).

All of the attorneys have submitted declarations and billing statements in support of their request for award of fees. (Docs. 25 and 27). There has been no opposition to the requested fees. After reviewing the documentation, the Court finds all of the fees are reasonable up until the time that the first motion for attorneys' fees was filed on July 24, 2014. The Court denied the first motion for fees because of deficiencies in the motion, and requested additional briefing on the issues addressed in this Findings and Recommendations. (Doc. 22). Given these circumstances, the Court will not reimburse the attorneys for work completed after the filing of the first motion for attorneys' fees on July 24, 2014, as these fees are excessive; the Defendant should not be required to compensate Plaintiff's attorneys for filing deficient pleadings. The Court has determined that after July 24, 2014, the BMP attorneys have requested $4,525.00 in fees, and Dawn Ceizler has requested $112.50 in fees. Therefore, these amounts have been subtracted from the totals requested in the instant motion. Accordingly, it is recommended that Plaintiff be awarded a total of $12,005.35 in attorneys' fees, and $549.65 costs. More particularly, BMP attorneys should be awarded attorneys' fees in the amount of $9,039.75,[6] and costs in the amount of $7.50. Dawn Ceizler should be awarded attorneys' fees in the amount of $2,965.50,[7] and $542.15 in costs.

---

[6] The $9,039.75 amount was calculated by subtracting $4,524.00 (the amount of fees charged since July 24, 2014) from $13,563.75 (the amount of attorneys' fees requested in the instant motion). (*See*, Doc. 27, pg. 3).

[7] The $2,965.50 amount was calculated by subtracting $112.50 (the amount of fees charged since July 24, 2014) from $3,078.00 (the amount of attorneys' fees requested in the instant motion). (*See*, Doc. 25, pg. 2).

**IV.     Conclusion**

Given that these Findings and Recommendations resolve all of the issues raised in the Court's previous order, the Order to Show Cause (Doc. 22) is discharged.  Further, it is recommended that Plaintiff's Motion for Attorneys' Fees in GRANTED IN PART, and the Default Judgment issued on July 9, 2014 (Doc. 15) be modified accordingly :

1)  Plaintiff shall be awarded damages in the principal sum amount of $78,631.64;

2)  Plaintiff shall be awarded pre-judgment interest on the principal sum amount pursuant to Cal. Civil. Code §3287(a) and §3289(b), to be calculated a rate of 10% annually beginning on 06/09/10, until the date this judgment is entered;

3)  Plaintiff shall be awarded post-judgment interest on the principal sum amount pursuant to 28 U.S.C. § 1961(a); and

4)  Plaintiff shall be awarded a total of $12,005.35 for attorneys' fees and $549.65 in costs to be broken down as follows:

   a.  BMP attorneys shall be awarded $9,039.75 in attorneys' fees and $7.50 costs;

   b.  Attorney Dawn Ceizler shall be awarded $2,965.50 in attorneys' fees and $542.15 in costs.

///
///
///
///
///
///
///
///
///
///
///

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B). Within fourteen (14) days of service of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F. 3d 834, 834 (9th Cir. 2014); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __June 17, 2015__                    ___/s/ Barbara A. McAuliffe___
                                                UNITED STATES MAGISTRATE JUDGE